IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY HORVATH, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:24-cv-4480 ) ) |
| GENERAL MOTORS LLC; ONSTAR, LLC; LEXISNEXIS RISK SOLUTIONS, INC., and VERISK ANALYTICS, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Jeffrey Horvath brings this action to secure redress against the clandestine collection and sale of data about customer driving habits and data ("driver data") by General Motors LLC ("GM"), Onstar, LLC ("Onstar"), LexisNexis Risk Solutions, Inc. ("LexisNexis"), and Verisk Analytics, Inc. ("Verisk") without the knowledge or consent of the drivers.

2. The driver data includes acceleration events, hard braking events, high speed events, distance traveled, date and time of day traveled, vehicle identifying information, and sometimes location data.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331, 15 U.S.C. §1681p, 28 U.S.C. §1337, 28 U.S.C. §1367, and 28 U.S.C. §1332(d). There are more than 100 class members. The amount in controversy on a classwide basis exceeds $5 million, exclusive of interest and costs. Plaintiff, a citizen of Illinois, is of diverse citizenship to Defendants.

4. Personal jurisdiction in Illinois exists because Defendants each committed tortious activity directed to residents of Illinois.

5. Venue in this District is proper because a material part of the events occurred here.

## PARTIES

6. Plaintiff Jeffrey Horvath is a citizen of Illinois residing in Cook County, Illinois.

7. Defendant General Motors LLC ("GM") is a limited liability company organized under Delaware law with its principal place of business at 300 Renaissance Center, Detroit, MI 48265. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. On information and belief, it has one member, General Motors Company, a Delaware corporation with its principal place of business at 300 Renaissance Center, Detroit, MI 48265.

8. GM manufactures and distributes GM vehicles, including Cadillacs.

9. Defendant Onstar, LLC ("Onstar") is a limited liability company organized under Delaware law with its principal place of business located at 400 Renaissance Center, Detroit, MI 48265. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. On information and belief, it has one member, General Motors Company, a Delaware corporation with its principal place of business at 300 Renaissance Center, Detroit, MI 48265.

10. GM provides information and emergency call services to drivers of GM vehicles through its subsidiary, Onstar.

11. Defendant LexisNexis Risk Solutions Inc., is a Georgia corporation with its principal place of business in Georgia. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle Street, Suite 814, Chicago, IL 60604-1101.

12. Defendant Verisk Analytics, Inc., is a Delaware corporation with its principal place of business in New Jersey. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

## FACTS RELATING TO PLAINTIFF

13. Plaintiff purchased a 2023 Cadillac from a GM dealer in May 2023.

14. The vehicle came with an introductory free subscription to Onstar.

15. On information and belief, the Onstar feature was activated when the car was delivered to Plaintiff.

16. The Onstar introductory subscription expired in approximately November 2023.

17. Plaintiff declined to renew the subscription.

18. The vehicle has an "Onstar Safe Driving Program" available. The stated purpose of the program is to help customers improve their driving for safety purposes.

19. Defendants did not disclose that the information was provided to third parties.

20. Plaintiff did not enroll in the "Onstar Safe Driving Program."

21. Plaintiff did nothing to authorize the reporting of Plaintiff's driving habits to any third party.

22. Plaintiff has learned that Onstar, LLC and General Motors LLC, acting in concert, reported Plaintiff's driving performance to LexisNexis Risk Solutions and Verisk Analytics, which on information and belief reported Plaintiff's driving performance to insurance companies.

23. According to the "Inquiry Records" section of the report Plaintiff obtained from LexisNexis Risk Solutions Inc, the information LexisNexis obtained from Onstar was shared with State Farm Mutual.

24. Plaintiff insures his GM vehicle, as well as two other vehicles, with State Farm.

25. State Farm recently increased Plaintiff's insurance rates.

26. The time period covered by such reports extended after the introductory Onstar subscription expired.

## FACTS – GENERAL

27. In 1996, GM introduced the "Onstar" service.

28. Onstar is primarily a safety feature, allowing the driver to summon help if necessary, and alerting Onstar in the event of a serious accident.

29. Onstar allows collection of driver data.

30. The driver data is often incomplete, inaccurate, and lacks context. For example, although the driver data is associated with Plaintiff's name, (a) it does not indicate and cannot determine who was actually driving the vehicle and (b) a report of a sudden stop or start does not indicate whether the action was necessary or justified.

31. For many years, GM and Onstar collected driver data and sold it to LexisNexis and Verisk, which in turn created "risk scores" which they sold to insurance companies.

32. The practice was disclosed by a New York Times article on March 11, 2024.

33. On March 22, 2024, GM stated that it would stop providing driver data to third parties.

34. Plaintiff and class members did not consent to the collection and disclosure of driver data.

35. Had Plaintiff known GM was collecting and sharing information using OnStar in this manner, he would not have purchased the vehicle.

36. Plaintiff has contemplated selling the vehicle to prevent GM from selling his information, but that would cause a financial loss to Plaintiff.

37. Defendants knew that the driver data would be used in determining whether to issue insurance policies and setting insurance premiums.

38. The collection and sale of driver data constitutes an invasion of privacy.

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

40. The class consists of (a) all persons (b) with Illinois addresses (c) who had driver data collected and shared by GM with LexisNexis and/or Verisk.

41. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

42. On information and belief, each class is so numerous that joinder of all members is not practicable.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    A. Whether Defendants engage in the practice described above;

    B. Whether such practice is an invasion of privacy.

    C. Whether such practice results in unjust enrichment.

    D. Whether such practice is unfair or deceptive, in violation of the Illinois Consumer Fraud Act.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

46. A class action is superior for the fair and efficient adjudication of this matter, in that:

    A. Individual actions are not economically feasible.

    B. Members of the class are likely to be unaware of their rights.

## COUNT I – INVASION OF PRIVACY

47. Plaintiff incorporates paragraphs 1-46.

48. This claim is against all Defendants.

49. Defendants intruded into the seclusion of Plaintiff and the class members by clandestinely collecting and selling driver data pertaining to Plaintiff and the class members.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

    1. Compensatory and general damages;

    2. Punitive damages;

      3.      Costs of suit;

      4.      Such other and further relief as the Court deems proper.

## COUNT II – UNJUST ENRICHMENT

50.    Plaintiff incorporates paragraphs 1-46.

51.    This claim is against all Defendants.

52.    Defendants were unjustly enriched by deriving commercial profit from clandestinely collecting and selling driver data pertaining to Plaintiff and the class members.

53.    Defendants' exploitation of the driver data of Plaintiff and the class members for profit amounts to direct pecuniary benefit.

54.    Defendants' retention of such pecuniary benefit is unjust. Equity requires that Defendants make restitution.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

      1.      Compensatory and general damages;

      2.      Punitive damages;

      3.      Costs of suit;

      4.      Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

55.    Plaintiff incorporates paragraphs 1-46.

56.    This claim is against all Defendants.

57.    Defendants GM and Onstar engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

      A.      Clandestinely and without disclosure collecting driver data;

      B.      Selling the driver data, a valuable commodity belonging to the customer, for profit.

58.    Defendants LexisNexis and Verisk engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

    A.  Purchasing the clandestinely obtained driver data;

    B.  Selling it to insurance companies.

 59. Defendants engaged in such conduct in the course of trade and commerce in automobiles and related services.

 60. Defendants engaged in such conduct for the purpose of profit.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

  1. Compensatory and general damages;

  2. Punitive damages;

  3. Attorney's fees, litigation expenses and costs of suit;

  4. Such other and further relief as the Court deems proper.

## **COUNT IV – FAIR CREDIT REPORTING ACT**

 61. Plaintiff incorporates paragraphs 1-46.

 62. This claim is against LexisNexis and Verisk.

 63. Driver data or scores based thereon, furnished by LexisNexis and/or Verisk to insurance companies, is a "consumer report" as defined in 15 U.S.C. §1681a(d)(1), in that it is a communication of information by a consumer reporting agency bearing on a consumer's personal characteristics or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for insurance to be used for personal, family or household purposes.

 64. LexisNexis and Verisk are "consumer reporting agencies" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f), in that each collects driver data and furnishes it, or scores based on it, for profit to auto insurers for the purpose of evaluating insurance applications.

 65. LexisNexis and Verisk were obligated under the Fair Credit Reporting Act, 15 U.S.C. §1681e, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

66. LexisNexis and Verisk failed to maintain procedures to assure the maximum possible accuracy of the data.

67. As a result, insurance companies who view the consumer reports generated by LexisNexis and/or Verisk receive and rely on inaccurate and misleading information about the driving behavior of Plaintiff and the class members.

68. The actions of LexisNexis and Verisk were willful and/or negligent.

69. Section 1681n provides:
§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

70. Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Compensatory, statutory and punitive damages;

2. Attorney's fees, litigation expenses and costs of suit;

3. Such other and further relief as the Court deems proper.

                    */s/ Daniel A. Edelman*
                    Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Caileen M. Crecco (ARDC 6343265)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

>  */s/ Daniel A. Edelman*
>  Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman